# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

No. 96-30963

---

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

ALTON DUNCAN BRIDGES,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Western District of Louisiana

---

June 27, 1997

Before DAVIS, STEWART and PARKER, Circuit Judges.

CARL E. STEWART, Circuit Judge:

The United States of America (the "Government") appeals the district court's resentencing of Defendant Alton Duncan Bridges ("Bridges") to five year's supervised release for the crime of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4). The Government argues that the district court's original sentence of 15 months' imprisonment became effective upon imposition of sentence thereby terminating the district court's ability to resentence Bridges, and that the downward departure from the sentencing guideline range was a clear abuse of discretion. The Government requests this court to vacate the new sentence and reinstate the original sentence of 15 months' imprisonment. For the following reasons, we reverse and remand for reinstatement of the original sentence.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 28, 1996, Bridges plead guilty to a one count of bill of information charging him with knowingly possessing child pornography in violation of 18 U.S.C. § 2252(a)(4). Bridges

admitted to having traded child pornography over computer lines with five individuals and to having mailed a blank videotape to Ohio for duplication of a tape containing child pornography. A United States Probation Officer prepared a pre-sentence report ("PSR") placing Bridges in Criminal History Category I with an adjusted offense level of 17, however, Bridges received a three level downward adjustment for acceptance of responsibility, making his total offense level 14. Under these guidelines, Bridges sentencing range was 15-21 months' imprisonment, followed by 2-3 years supervised release, and a fine range of $4,000 to $40,000. Bridges objected to the PSR, specifically taking issue with the probation officer's conclusion that there were no factors present which warranted a departure from the recommended sentencing range. Bridges supplied the officer with a report from two doctors stating that he suffered from a "schizoid personality disorder." In response to this information, the probation officer amended the report, attaching a copy of the doctor's findings, however, the PSR did not address whether Bridges mental condition warranted a downward departure.

Prior to sentencing, Bridges requested a downward departure on the grounds that (1) he had suffered a loss of income when his employment had been terminated as a result of the charges; (2) he had a long and stable employment history; (3) his actions amounted to nothing more than "aberrant" behavior; and (4) he suffered from a "schizoid personality disorder." However, at the sentencing hearing on June 20, 1996, the district court rejected Bridges's motion for downward departure stating that:

> . . . except for my disagreement with the guidelines in this case, I cannot come up with any reason to downward depart . . . . I feel absolutely bound by the law and the guidelines, and if I could I would, but there's no point in me departing downward and then it being appealed, because I'll get reversed.

The court then sentenced Bridges to a term of 15 months' imprisonment, the minimum sentence available under the guideline range. [1] Bridges was released on bond until July 22, 1996, the date he was ordered to report to prison.

---

[1] Bridges was also sentenced to three years of supervised release, fined $4,000 and charged a $50 assessment earmarked for the Victims Witness fund.

2

Bridges filed a motion to stay entry of judgment and a motion to reconsider the sentence on June 21, 1996 which was accepted and entered by the court on June 24, 1996. Pursuant to the motion, the district court scheduled a hearing for August 9, 1996. At that hearing, the court received testimony from a defense expert that Bridges suffered from "schizoid personality disorder" and did not pose a danger to children "at this point." Following the testimony, the district court announced its intent to downward depart from the sentencing guidelines. After recalling the previous judgment, the district court resentenced Bridges to five years supervised release with the first six months being served in prison.[2] The judgment was entered on August 13, 1996. Subsequently, the Government filed a motion to set aside the second sentencing, however, the district court denied the motion. The government timely appealed.

## DISCUSSION

We review de novo whether the district court had jurisdiction to resentence. *See, e.g., United States v. Lynch*, ___ F.3d ___ (5th Cir. 1997).

On appeal, the Government contends that the district court was without jurisdiction to correct or modify Bridges's sentence because a district court's authority to correct or modify a sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582(b). We agree.

18 U.S.C. § 3582 (b) authorizes the district court to modify a previously imposed sentence in a limited number of circumstances, such as: (1) when the court receives a motion from the Director of the Bureau of Prisons indicating there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) pursuant to Rule 35(c) of the Federal Rules of Criminal Procedure the district court, acting within 7 days after the imposition of sentence, corrects an arithmetical, technical, or other clear error identified in a previously imposed sentence; and (3) when a defendant

---

[2] In resentencing Bridges, the district court did not articulate the legal basis for his decision.

3

who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(b).

Here, the district court failed to announce the basis for its decision; however, analyzing the facts in the context of 18 U.S.C. § 3582(b), it must be concluded that the court was acting pursuant to Rule 35(c). Under Rule 35(c), the district court's authority to modify a previously imposed sentence is limited to corrections of "arithmetical, technical or other clear error." Moreover, such modifications must occur within the seven-day window immediately following the imposition of the original sentence. We have strictly construed the seven-day period for modifications under Rule 35(c). *United States v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994) .

The district court originally sentenced Bridges to 15 months' imprisonment on June 20, 1996. On August 9, 1996, the district court resentenced Bridges to five years probation, ordering the first six-months to be served in prison. There is no evidence of arithmetical or technical error in the original sentence. A review of the record indicates that the district court's modification of the sentence stems from its disagreement with the Sentencing Guideline.[3] Moreover, we must note that the district court's modification of Bridge's sentence occurred approximately 50-days after the imposition of the initial sentence, clearly outside the seven-day window. Thus, we conclude that the district court lacked jurisdiction to resentence Bridges.

Finding no evidence that the district court's modification was premised upon an arithmetical, technical, or other clear error and that the attempted modification occurred outside of the seven-day period authorized under Rule 35(c), we hold that the district court lacked jurisdiction to correct or modify Bridges's initial sentence. Therefore, we REVERSE and REMAND this case for reinstatement of the initial sentence of 15 months' imprisonment.

---

[3] The Advisory Committee's Notes to Rule 35(c) expressly states that Rule 35(c) is "intended to be very narrow and to extend only to those cases in which an error or mistake has occurred in the sentence, that is errors which would most certainly result in remand of the case to the trial court for further action under Rule 35(a). The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court to simply change its mind about the appropriateness of the sentence." FED. R. CRIM. P. 35 advisory committee's notes.

REVERSE and REMANDED.