UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30257
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

            versus

HECTOR NUNEZ

                                    Defendant-Appellant.

            ********************

            Consolidated with

            No. 99-30013
            Summary Calendar

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

            versus

ARMITCHELL DAVIDSON,

                                    Defendant-Appellant.

Appeal from the United States District Court
    for the Western District of Louisiana
          USDC No. 97-CR-50042-2
          USDC No. 97-CR-50042-6

September 22, 1999

Before JOLLY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

Hector Nunez and Armitichell Davidson appeal the sentences imposed (each received a substantial downward departure to the mandatory minimum) following their guilty plea convictions for conspiracy to distribute cocaine base and cocaine, in violation of 21 U.S.C. § 846. They maintain that the district court erred by refusing to depart downward, pursuant to U.S.S.G. § 5K1.1, below the 120 months mandatory minimum sentence.[2]

Nunez also contends that the Government waived the contention that the district court erred initially departing downward to a prison term of only 30 months. The Government timely filed, and the district court timely acted upon, a FED. R. CRIM. P. 35(c) motion to correct that initial sentence. *See **United States v. Bridges***, 116 F.3d 1110, 1112 (5th Cir. 1997); ***United States v. Gonzalez***, 163 F.3d 255, 263-64 (5th Cir. 1998).

For both Nunez and Davidson, the district court determined properly that it was not authorized to depart below the mandatory minimum because the Government had not requested such a departure either in the defendants' plea agreements or in their § 5K1.1

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] The Government's motion to strike statements of fact in Davidson's reply brief that lack record support, together with argument based on such statements, is **GRANTED**; its motions for oral argument are **DENIED.**

motions. ***Melendez v. United States***, 518 U.S. 120, 125-26, 129-30 (1996). Because the district court did not violate the law in imposing the sentences, the extent of the downward departures may not be challenged on appeal. *See **United States v. Alvarez***, 51 F.3d 36, 39 (5th Cir. 1995). (In any event, the contentions regarding more lenient sentences received by codefendants are meritless. *See **United States v. McKinney***, 53 F.3d 664, 678 (5th Cir.) *cert. denied*, 516 U.S. 901, 903, 970 (1995).)

The sentences of Nunez and Davidson are

***AFFIRMED.***