IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40887
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CHARLES RAY GERARD,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:90-CR-104-3
--------------------
February 17, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Charles Ray Gerard appeals the dismissals of his motions for modification of sentence under 18 U.S.C. § 3582(c) and an application to proceed in forma pauperis (IFP).  The district court denied the § 3582(c) motion for lack of jurisdiction.  It also denied Gerard's IFP application as moot.

     This court reviews de novo whether the district court had jurisdiction to resentence Gerard.  United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997).  On appeal, Gerard has failed to address whether the district court erred in dismissing his motion

_____

     [*]  Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

for lack of jurisdiction.  Instead, he argues the merits of his § 3582 claim for relief.

"Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved."  Price v. Digital Equip. Corp., 846 F.2d 1026, 1028 (5th Cir. 1988) (internal citation omitted).  Accordingly, this court deems abandoned the issue whether the district court erred by dismissing Gerard's petition for lack of jurisdiction.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Furthermore, Gerard is appealing the denial of an unauthorized motion.  Gerard asserts that § 3582 is the basis for motion for reduction of sentence.  However, § 3582(c) provides for a reduction of sentence only under certain conditions: (1) on motion by the Director of the Bureau of Prisons; (2) where authorized by Rule 35 or statute; or (3) if the defendant's guidelines range has subsequently been reduced.  Gerard's proffered basis for the sentence reduction does not fall into any of the above categories.  Accordingly, the district court did not have jurisdiction over Gerard's motion.  See United States v. Early, 27 F.3d 140, 141 (5th Cir. 1994).

Gerard has also filed a motion to proceed IFP on appeal.  To proceed IFP, however, Gerard must demonstrate both financial eligibility and a nonfrivolous issue for appeal.  Fed. R. App. P. 24(a); Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982).  As Gerard has failed to present a nonfrivolous issue for appeal, his motion is DENIED.

This appeal is without arguable merit; it is DISMISSED AS FRIVOLOUS.  See 5TH CIR. R. 42.2.

IFP MOTION DENIED; DISMISSED AS FRIVOLOUS.