UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10556
Summary Calendar

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERRY L. CROSS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:98-CR-150-Y
_____

March 21, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

Per Curiam:[*]

Jerry L. Cross, federal prisoner #18994-009, appeals the
district court's amendment of his sentence following revocation of
his supervised release. Cross pleaded true to the Government's
motion to revoke. The district court revoked Cross's release and
sentenced him to 24 months of imprisonment. Neither the Government
nor Cross stated any legal reason why that sentence should not be
imposed. Following the imposition of the sentence, Cross twice
hurled a profane invective at the district court. The district
court reconvened the hearing and increased Cross's sentence to 36
months. The Government has conceded that the district court did

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

not have authority to amend Cross's sentence under 18 U.S.C. § 3582(c) or Fed. R. Crim. P. 35(c). *See* United States v. Bridges, 116 F.3d 1110, 11-12 (5th Cir. 1997).

As Cross did not raise a timely challenge to the legality of the original 24 month sentence,[1] the amended sentence is vacated and the case must be remanded with instructions to reinstate the original 24 month sentence. *See* United States v. Gonzalez, 163 F.3d 255, 264 (5th Cir. 1998). In so ordering, we do not foreclose the possibility that the court may reconsider appellant's outburst in the context of a contempt proceeding.

It is not necessary for us to reassign this matter to a different judge on remand. United States v. Winters, 174 F.3d 478, 487-88 (5th Cir.), *cert. denied*, 120 S.Ct. 409 (1999).

**VACATED** and **REMANDED WITH INSTRUCTIONS**.

---

[1] In his reply brief, Cross attacks the validity of the original 24 month sentence. This issue was not raised in the original brief on appeal. Issues not briefed are deemed waived, and claims cannot be raised for the first time in a reply brief. *See* Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); United States v. Prince, 868 F.2d 1379, 1386 (5th Cir. 1989).