**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

—————————————

No. 99-31260

(Summary Calendar)

—————————————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellant,

versus

ARTHUR BOOKER, III,

                                        Defendant - Appellee.

—————————————————————————————————

Appeal from the United States District Court
For the Eastern District of Louisiana
Dist. Ct. No. 99-CR-17-3-M

—————————————————————————————————

November 29, 2000

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

The government appeals the downward departure in sentencing entered by the district court

more than seven days after its original sentencing of Arthur Booker, III.  Agreeing with the

government that the district court lacked jurisdiction to modify Booker's sentence, we now vacate

———————————————————

[*]        Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

the district court's judgment and remand for reinstatement of the district court's original sentence.

Arthur Booker, III ("Booker") pled guilty to one count of conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951, in connection with the robbery of an armored truck. The district court judge sentenced Booker to 33 months imprisonment on October 6, 1999. Six days after ordering this sentence, on October 12, 1999, the district court *sua sponte* entered a "Clarification by the Court" ("Clarification Order"). In that order, the district court notified the parties that it would entertain briefs and hear oral argument on its ability to enter a downward departure for Booker. On October 25, 1999, the court abrogated its original sentence. The district court found that it had erred in its earlier "determination that [it] was obliged to follow the guidelines figure." The district concluded that "the cumulative effect of Arthur Booker's employment and personal history, the circumstances and extremely speculative nature of this conspiracy, his minimal participation and his manifest intent to withdraw require[d] the Court to sentence the defendant below the minimum guidelines." Thus, the district court imposed a sentence of 20 months imprisonment to correct the error in the original sentence pursuant to Fed. R. Crim. P. 35(c).

Federal Rule of Criminal Procedure 35(c) provides that the trial court "acting within 7 days after the imposition of a sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." We have previously held that the requirement to act within seven days is jurisdictional in nature. *See United States v. Lopez*, 26 F.3d 512, 520 (5th Cir. 1994) (resentencing "occurred outside the seven-day window and the district court lacked jurisdiction to act pursuant to Rule 35(c)."); *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997) (concluding that where modification of sentence occurred fifty days after original sentence, trial court lacked the jurisdiction to modify the sentence); *see also United States v. Blackwell*, 81 F.3d 945 (10th

Cir. 1996)(district court lacked jurisdiction to resentence defendant seventy-two days after imposition of original sentence). We review de novo whether the district court had jurisdiction to resentence the defendant. *See United States v. Gonzalez*, 163 F.3d 255, 263 (5th Cir. 1998); *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997).

In its resentencing order, the district court did not address its jurisdiction under Fed. R. Crim. P. 35(c). Instead, it addressed whether the error it perceived in the original sentencing order was the type of error for which the rule allowed the trial court to enter a correction. Because the seven day time period is a jurisdictional requirement, we must address whether the district court acted within that time period before determining whether the error was the sort of error for which the rule imparts to the trial court the power of correction

We find that the district court lacked jurisdiction to enter this correction. First, the district court's correction of the sentence fell outside of the seven day period. Almost three weeks passed before the district court pronounced its oral correction of the original sentence.

Second, the district court's entry of the Clarification Order did not constitute sufficient action under Rule 35(c) to grant the district court jurisdiction. Booker argues that the district court's entry of the Clarification Order six days after issuing its original sentence satisfies the requirement to act within seven days. For this contention, Booker relies on *United States v. Carmouche*, 138 F.3d 1014 (5th Cir. 1998). This reliance is misplaced. In *Carmouche*, we addressed only the tolling of the time for filing a notice of appeal, not the time in which the trial court may correct a clearly erroneous sentence. *See* 138 F.3d at 1016 (holding that a defendant's motion to correct the sentence made within seven days tolled the time for filing a notice of appeal until the district court denied the motion 60 days later). We did not address the district court's jurisdiction to make the correction.

Moreover, we have held that resentencing must occur within the seven day window. *See Bridges*, 116 F.3d at 1112 (stating that "such modifications must occur within the seven day window immediately following the imposition of the original sentence"); *see also Gonzalez*, 163 F.3d at 263-64 (assuming in determining whether court had jurisdiction to act that modification of sentence was action that needed to occur within seven days). Therefore, because the district court did not resentence Booker within seven days of the original sentence, it was without jurisdiction to modify his sentence.

Because we find that the district court lacked jurisdiction, we need not address whether the alleged error in sentencing was the type of error for which Rule 35 provides the trial court with the power to correct.

For the foregoing reasons, we VACATE the district court's judgment and REMAND for reinstatement of the original sentence.