IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-20890
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN BATTAGLINI,

Defendant-Appellant.

———————————

Appeals from the United States District Court
for the Southern District of Texas
USDC No. H-98-CR-151-1

———————————

March 5, 2003

Before GARWOOD, JOLLY and SMITH, Circuit Judges.

PER CURIAM:[*]

Appellant John Battaglini (Battaglini) pleaded guilty in federal court to two counts of bank robbery under 18 U.S.C. § 2113(a) and in December 1998 was sentenced to ninety-seven months on each count, to run concurrently. Battaglini did not take a direct appeal from that judgment. Subsequently, Battaglini pleaded

———————————

[*]Pursuant to 5TH CIR. R.47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guilty and in July 1999 was sentenced in Texas state court for aggravated robbery and armed robbery.

Battaglini, proceeding *pro se*, then, in May 2002, filed a motion in the federal district court seeking modification of his federal prison sentence by ordering that sentence to run concurrently with his state prison sentence. Battaglini's motion was denied by the district court for lack of jurisdiction. Battaglini appeals from that judgment.[1]

"We review *de novo* whether the district court had jurisdiction to resentence." *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997). "[A] district court's authority to correct or modify a sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582([c])." *Id*.

---

[1]Battaglini apparently contends that the 1999 state convictions are for the same conduct as the 1998 federal bank robbery convictions.

To the extent that Battaglini's *pro se* motion can be construed as a motion seeking relief under 28 U.S.C. § 2255, such a motion is not timely. Judgment in Battaglini's federal case was entered on December 15, 1998, and became final on December 29, 1998. Battaglini's motion for amendment of judgment, however, was not filed until May 22, 2002, well beyond the one year period of limitations found in § 2255. Since there is no indication that the one year period was otherwise tolled, even if Battaglini's motion is taken as a motion under § 2255, it is barred.

We also observe with respect to Battaglini's complaint that the federal court's failure to advise him at the time of his plea or sentencing that his federal prison term might run consecutively to a future state prison term that not only was such contention not raised below but we have held that the referenced possibility of consecutive sentences is not a consequence of which defendant must be warned before his plea is accepted. *United States v. Hernandez*, 234 F.3d 252 (5th Cir. 2000).

None of the conditions for granting relief under § 3582(c), including those applicable under FED. R. CRIM. P. 35, are present. *See United States v. Lopez*, 26 F.3d 512, 515-21 (5th Cir. 1994); *United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994). Thus, the district court did not have the authority to correct or modify Battaglini's sentence, and did not err in denying Battaglini's motion. *Lopez*, 26 F.3d at 521; *Early*, 27 F.3d at 142. Accordingly, the judgment of the district court is hereby

AFFIRMED.

3