United States Court of Appeals
Fifth Circuit

**F I L E D**

June 4, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 02-41268
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE BENITEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-1357-ALL
--------------------

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jorge Benitez pleaded guilty to possession with intent to distribute cocaine and was sentenced to 78 months of imprisonment and a five-year term of supervised release. Benitez did not appeal his conviction or sentence. Benitez did, however, file a pro se postconviction motion for downward departure or modification of sentence pursuant to 18 U.S.C. § 3582(c), which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court denied.  Benitez filed a timely <u>pro</u> <u>se</u> notice of appeal from the denial of that postconviction motion.

The Federal Public Defender ("FPD"), who was appointed to represent Benitez in the district court, has moved for leave to withdraw as counsel and has filed a brief as required by <u>Anders v. California</u>, 386 U.S. 738 (1967).  To the extent that the notice of appeal could be construed as taken from Benitez's underlying conviction, counsel argues that this court has no jurisdiction to consider an appeal from the underlying conviction and sentence because the notice of appeal from that judgment was untimely.  Counsel further argues that the district court lacked jurisdiction to consider Benitez's postconviction motion.  Benitez has filed a reply arguing only that the district court improperly denied his postconviction motion.  An independent review of the record, counsel's brief, and Benitez's reply discloses no nonfrivolous issue for appeal with respect to Benitez's underlying conviction and sentence.

"We review de novo whether the district court had jurisdiction to resentence."  <u>United States v. Bridges</u>, 116 F.3d 1110, 1112 (5th Cir. 1997).  "[A] district court's authority to correct or modify a sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582([c])."  <u>Id.</u>  None of the conditions for granting relief under § 3582(c), including those applicable under FED. R. CRIM. P. 35, are present.  See <u>United States v. Lopez</u>, 26 F.3d 512, 515-21 (5th Cir. 1994);

<u>United States v. Early</u>, 27 F.3d 140, 141-42 (5th Cir. 1994). Thus, the district court did not have the authority to correct or modify Benitez's sentence. <u>Early</u>, 27 F.3d at 142.

The decision in <u>United States v. Mena-Ramirez</u>, No. 01-41314 (5th Cir. May 28, 2002) is not relevant to Benitez's case because Mena-Ramirez obtained relief while his (Mena-Ramirez's) direct appeal was pending. Moreover, amendments to the Sentencing Guidelines may be applied retroactively under 18 U.S.C. § 3582(c)(2) only if they are listed in U.S.S.G. § 1B1.10(c). U.S.S.G. § 1B1.10(a), p.s. (Nov. 2002). Neither Amendment 632 nor Amendment 640 is listed in § 1B1.10(c) and therefore may not be applied retroactively. See § 1B1.10(c), p.s. (Nov. 2002); <u>United States v. Drath</u>, 89 F.3d 216, 218 (5th Cir. 1996).

Counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED.