United States Court of Appeals
Fifth Circuit

**F I L E D**

June 10, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50785
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT EDWARD BELL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:03-CR-254-2
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges

PER CURIAM:[*]

Robert Edward Bell pleaded guilty to conspiracy to manufacture methamphetamine and was sentenced to a 240-month term of imprisonment and a three-year term of supervised release. The district court's judgment imposed alternative sentences of 16 months of imprisonment and 5 years of imprisonment depending on whether the Sentencing Guidelines were held to be unconstitutional in whole or in part. Bell now appeals, challenging only his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bell contends, in reliance on <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), that the Sentencing Guidelines are unconstitutional, and he challenges the district court's determination of the drug quantity attributable to him for sentencing purposes and the two-level enhancement of his offense level pursuant to U.S.S.G. § 2D1.1(b)(5)(A). He also has filed a supplemental letter brief challenging the validity of his 240-month sentence and the district court's mandatory application of the Sentencing Guidelines in the light of the Supreme Court's recent decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).

In the light of <u>Booker</u>, the judicially determined sentence enhancements, made under a mandatory guidelines regime, violated Bell's Sixth Amendment rights. Where, as here, a defendant has preserved a Booker issue in the district court, "we will ordinarily vacate the sentence and remand, unless we can say the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure." <u>United States v. Mares</u>, 402 F.3d 511, 520 n.9 (5th Cir. 2005), <u>petition for cert. filed</u> (U.S. Mar. 31, 2005) (No. 04-9517). We conclude that, were we to review Bell's 240-month sentence for harmless error, the Government has not met its burden of demonstrating beyond a reasonable doubt that the mandatory nature of the Guidelines did not contribute to the sentence that Bell received. <u>See</u> <u>United States v. Akpan</u>, __F.3d__, No. 03-20875, 2005 WL 852416 at *12 (5th Cir. Apr. 14,

2005).  Accordingly, we vacate Bell's sentence and remand for resentencing.

Bell argues that this court should impose one of the two alternative sentences set forth in the district court's judgment or order the district court to impose one of the alternative sentences on remand.  "Even in the discretionary sentencing system established by Booker/Fanfan, a sentencing court must still carefully consider the detailed statutory scheme created by the [Sentencing Reform Act] and the Guidelines, which are designed to guide the judge toward a fair sentence while avoiding serious sentence disparity."  Mares, 402 F.3d 518-19.  The district court did not have the benefit of Booker when imposing the alternative sentences.  Accordingly, we vacate Bell's sentence in its entirety, including the alternative sentences set forth in the judgment, and remand for resentencing.

VACATED AND REMANDED FOR RESENTENCING.