**United States Court of Appeals
Fifth Circuit**

**F I L E D**

**June 29, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-51380
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT EDWARD BELL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:03-CR-254-2
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Robert Edward Bell was sentenced to a 240-month term of imprisonment and a three-year term of supervised release for conspiracy to manufacture methamphetamine. Bell's sentence was vacated on appeal and the matter remanded for resentencing. See United States v. Bell, 148 F. App'x 194, 195 (5th Cir. 2005). On remand, the district court again imposed a 240-month term of imprisonment. Bell now appeals, challenging his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bell argues that his sentence is unreasonable because the district court erred in determining the drug quantity attributable to him for sentencing. He argues that the court relied on the unsubstantiated and uncorroborated hearsay of an informant. Under the advisory Sentencing Guidelines scheme mandated by United States v. Booker, 543 U.S. 220 (2005), the district court was entitled to find the facts to support the sentence in the same manner as before Booker. See United States v. Alonzo, 435 F.3d 551, 553-54 (5th Cir. 2006). "'The sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence.'" United States v. Johnson, 445 F.3d 793, 798 (5th Cir. 2006) (quoting United States v. Mares, 402 F.3d 511, 519 (5th Cir.) (internal citations omitted), cert. denied, 126 S. Ct. 43 (2005)). Because the district court's drug quantity determination was plausible in the light of the record as a whole, Bell has not demonstrated clear error. See United States v. Caldwell, __F.3d__, No. 05-30263, 2006 WL 1075594, *1 (5th Cir. Apr. 25, 2006).

Bell challenges his sentence as unreasonable on grounds of vindictiveness, arguing that it is harsher than the alternative five-year sentence the district court imposed at his original sentencing hearing and further arguing that the district court did not sufficiently justify its decision not to impose the

alternative five-year sentence. On resentencing, a sentencing court may not impose a sentence that is harsher than the original sentence unless the record shows that the harshness was not motivated by vindictiveness. United States v. Reinhart, 442 F.3d 857, 859-60 (5th Cir. 2006); United States v. Vontsteen, 950 F.2d 1086, 1088-89 & n.2 (5th Cir. 1992) (en banc); North Carolina v. Pearce, 395 U.S. 711, 726 (1969). Because Bell did not object in the district court to his sentence on grounds of vindictiveness, review is for plain error. See Vontsteen, 950 F.2d at 1089-93.

This court has held that insofar as the district court had predicated an alternative sentence on the unconstitutionality of the Guidelines "in their entirety," Booker had not triggered such a scenario because rather than striking down the Guidelines in toto, it declared them advisory only. United States v. Adair, 436 F.3d 520, 527-28 (5th Cir.), cert. denied, 2006 WL 1035494 (U.S. May 22, 2006) (No. 05-10430); see also United States v. Walters, 418 F.3d 461, 465-66 (5th Cir. 2005). Bell's argument that his 240-month sentence is harsher than his first sentence because it is harsher than the alternative five-year sentence--a sentence that was not triggered by Booker--is unconvincing. Because Bell has not shown that he received a harsher sentence upon resentencing, he has not shown error, plain or otherwise.

Bell has failed to show that his 240-month sentence was unreasonable. See Alonzo, 435 F.3d at 554; Mares, 402 F.3d at 519.

AFFIRMED.