**UNITED STATES of America**

v.

**Meiko MERRILL, Defendant.**

**No. EP–07–CR–382–PRM.**

United States District Court,
W.D. Texas,
El Paso Division.

July 9, 2007.

Kristal Melisa Wade, U.S. Attorney's Office, El Paso, TX, for Plaintiff.

***ORDER DENYING DEFENDANT'S MOTION FOR REHEARING ON SENTENCING AND DENYING ATTORNEY'S MOTION TO WITHDRAW AS COUNSEL***

PHILIP R. MARTINEZ, District Judge.

On this day, the Court considered Defendant Meiko Merrill's "Motion for Rehearing on Sentencing," filed on July 6, 2007, in the above-captioned cause. Therein, Defendant asks the Court to schedule a hearing in which it will reconsider the sentence imposed on July 3, 2007. Defendant's counsel explains that Defendant requests a rehearing on the grounds that counsel

> did not fully comprehend and present to the Court Ms. Merrill's 'business, family life, & religion,' did not present 'an alternative to the (governing) sentencing guideline,' and did not fully comprehend 'the depth and sincerity of (Ms. Merrill's) 'life practices' so as to persuade the Court to go below the applicable sentencing guidelines and sentence Ms. Merrill to [a] non-prison sentence.

Furthermore, Defendant seeks to present the Court with "a petition signed by the Silver City community requesting a probated sentence," to which Defendant's counsel referred during her sentencing hearing.

The Court has jurisdiction to modify Defendant's sentence in only three instances: (1) the Director of the Bureau of Prisons files a motion to reduce the term of imprisonment, (2) the Court acts pursuant to Federal Rule of Criminal Procedure 35, and (3) Defendant's term of imprisonment was based on a sentencing range that is subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(b); *see also United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir.1997). Only the second circumstance could apply here.

Federal Rule of Criminal Procedure 35 allows the Court to correct or reduce a sentence for only two reasons. First, the Court may correct a sentence "that resulted from arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(a). This authority

> is not intended to afford the court the opportunity to consider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines.

FED.R.CRIM.P. 35(c) advisory committee's note (quoted in *United States v. Lopez*, 26 F.3d 512, 520 (5th Cir.1994)) (discussing provision now labeled Rule 35(a)). Defendant asks the Court to reconsider arguments that were presented and considered at the July 3, 2007, hearing, and fails to show that her sentence was the result of any error falling under Rule 35(a). Second, the Court may reduce Defendant's sentence upon a motion by the Government showing that Defendant "provided substantial assistance in investigating or prosecuting another person." FED. R. CRIM. P. 35(b). The Government has made no such request. The Court is thus of the opinion that the Court lacks jurisdiction to reconsider Defendant's sentence, and therefore Defendant's Motion should be denied.

The Court has also received and considered Attorney Leon Schydlower's "Motion to Withdraw as Counsel," filed on July 5, 2007, in which Attorney Schydlower seeks to withdraw as counsel for Defendant for purposes of a sentencing rehearing and any possible appeal. To this point, no notice of appeal has been filed by Defendant. Given the Court's policy of requiring a notice of appeal to be filed by counsel prior to his withdrawal in order to ensure timely filing under Federal Rule of Appellate Procedure 4(b)(1)(A), the Court will deny Attorney Schydlower's Motion without prejudice to its subsequent refiling.

Accordingly, **IT IS ORDERED** that Defendant Meiko Merrill's "Motion for Rehearing on Sentencing" (Docket No. 31) is **DENIED.**

**IT IS FURTHER ORDERED** that Attorney Leon Schydlower's "Motion to Withdraw as Counsel" (Docket No. 34) is **DENIED.**