United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 1, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41794
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUNG THANH PHAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:04-CR-88-2
--------------------

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:*

Pursuant to a plea agreement, Hung Thanh Phan, federal prisoner # 11429-078, pleaded guilty to conspiracy to distribute or possess with intent to distribute methamphetamine. He appeals from the denial of a motion for sentence modification putatively brought pursuant to 18 U.S.C. § 3582(c)(2). He asserts that the decision in United States v. Booker, 543 U.S. 220 (2005), met the conditions precedent for an alternative sentence announced by the district court. He therefore requests that his sentence be modified accordingly or that his case be remanded for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

resentencing. The Government has moved to dismiss the appeal on the ground that it is barred by the terms of an appeal waiver contained in Phan's plea agreement and, alternatively, requests an extension of time in which to respond if Phan's appeal is not dismissed.

The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582(b). See United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). The record does not show that his motion for resentencing in the district court falls under any provision of § 3582. Although the motion could be construed as a 28 U.S.C. § 2255 motion, the district court did not suggest that it was so construing the motion, and it did not provide Phan notice. See Castro v. United States, 540 U.S. 375, 383 (2003). Consequently, the motion did not arise under § 2255.

Phan's motion was an unauthorized motion which the district court correctly concluded that it was without jurisdiction to consider. See United States v. Early, 27 F.3d 140, 142 (5th Cir. 1994). Phan's appeal is without arguable merit and should be dismissed as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Therefore, Phan's appeal is DISMISSED as frivolous. The Government's motion to dismiss on the basis of the appeal waiver is DENIED as unnecessary. The Government's motion for an extension of time is DENIED as moot. Phan's motion to remand for resentencing is DENIED.