# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 11, 2007

Charles R. Fulbruge III
Clerk

No. 06-51395
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROBERT EDWARD BELL

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:03-CR-254-2

Before REAVLEY, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Robert Edward Bell pleaded guilty to conspiracy to manufacture methamphetamine and on resentencing was sentenced to a 240-month term of imprisonment. This court affirmed. United States v. Bell, 187 F. App'x 418 (5th Cir. 2006). Bell appeals from the district court's denial of his motion for a new trial, filed under the authority of FED. R. CRIM. P. 33(b)(1), in which he argued that newly discovered evidence warranted resentencing. Bell argues that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court abused its discretion in failing to conduct a hearing on the motion and abused its discretion in denying the motion.

Bell's postjudgment motion challenging his sentence following a guilty plea was "not properly characterized as one for a new trial." United States v. Lewis, 921 F.2d 563, 564 (5th Cir. 1991). The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582(b). See United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). Bell does not assert, and the record does not show, that his motion in the district court falls under any provision of § 3582. Although the motion could be construed as a 28 U.S.C. § 2255 motion, the district court did not suggest that it was so construing the motion, and it did not provide Bell notice. See Castro v. United States, 540 U.S. 375, 381-83 (2003). Consequently, the motion did not arise under § 2255.

Bell's motion was an unauthorized motion which the district court was without jurisdiction to consider. See United States v. Early, 27 F.3d 140, 142 (5th Cir. 1994).

AFFIRMED.