# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50270
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 18, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADEODATO IBARRA-ALCAREZ, also known as Cesar Islas-Alvarez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:96-CR-189-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Adeodato Ibarra-Alcarez appeals the district court's denial of his pro se motion seeking to reduce the total 365-month sentence imposed after his 1996 jury trial convictions for one count of conspiracy to distribute and to possess 1,744.99 kilograms of marijuana and three counts of possession with intent to distribute a quantity of marijuana. Ibarra-Alcarez had argued that "extraordinary and compelling circumstances" made him a good candidate for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a sentence reduction. The district court concluded that the limited number of circumstances in 18 U.S.C. § 3582(c) permitting the court to modify a previously imposed sentence did not apply in Ibarra-Alcarez's case.

We review the district court's decision whether to reduce a sentence under § 3582 for abuse of discretion. *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). To the extent that Ibarra-Alcarez suggests that despite his having specifically referenced § 3582(c) in his motion, the district court should not have construed his motion as being filed pursuant to § 3582(c), his argument is unavailing because he cannot rely on any of his other statutory or procedural references as a vehicle to request a sentence modification. In particular, U.S.S.G. § 1B1.13 of the Sentencing Guidelines is merely a policy statement advising district courts when to grant a sentence reduction motion filed by the director of the Bureau of Prisons (BOP) pursuant to § 3582(c)(1)(A). Also, 28 U.S.C. § 994(p) merely outlines one of the United States Sentencing Commission's duties. In addition, 18 U.S.C. § 4205(g) states that upon motion by the BOP, the sentencing court may reduce a minimum sentence term to time served. Given that Ibarra-Alvarez stated that his motion was being brought in conjunction with § 3582(c) and that the BOP had not filed a motion for a sentence reduction in Ibarra-Alcarez's case, it was not improper for the district court to construe his motion as being brought pursuant to § 3582.

The sentence imposed upon a judgment of conviction is generally final and may be modified in only a limited number of circumstances such as (1) where the director of the BOP moves, as outlined in § 3582(c)(1)(A), for a sentence reduction based upon "extraordinary and compelling reasons" and indicates that a reduction is consistent with the 18 U.S.C. § 3553(a) sentencing factors; (2) where, as outlined in § 3582(c)(2), a defendant was sentenced based upon a sentencing range that has subsequently been lowered by the Sentencing

No. 14-50270

Commission; (3) where permitted by the provisions of Federal Rule of Criminal Procedure 35 and 18 U.S.C. § 3742; and (4) if the sentence is outside of the guideline range, where permitted by the provisions of § 3742. *See* § 3582(b); *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997) (noting that a district court's jurisdiction to correct or modify a final sentence is limited to those specific circumstances enumerated in § 3582(b)). None of the arguments raised in Ibarra-Alcarez's motion fell within any of these limited circumstances; therefore, the district court did not have jurisdiction to correct or modify his sentence. *See Bridges*, 116 F.3d at 1112.

The district court did not abuse its discretion in denying Ibarra-Alcarez's motion for a sentence reduction. *See Evans*, 587 F.3d at 672. Accordingly, the order of the district court is AFFIRMED.