# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50888
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SALVADOR ANTONIO DAMIAN LOPEZ, also known as Salvador Cruz Guillen, also known as Salvador Antoni Damian Lopez, also known as Don Chava, also known as Pappy, also known as Apa,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:03-CR-2338-3

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Salvador Antonio Damian Lopez (Damian) appeals the district court's denial of his motion to reduce his sentence. The district court sentenced Damian to 240 months of imprisonment following his guilty-plea conviction of conspiracy to possess with intent to distribute more than five kilograms of cocaine and more than 500 grams of methamphetamine.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50888

Section 3582(c)(2) of title 18 is narrow in scope, permitting the discretionary modification of a defendant's sentence only in certain situations. *Dillon v. United States*, 560 U.S. 817, 825-26 (2010); *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). We review the district court's decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

Damian addresses neither § 3582 nor the district court's determination that he did not meet one of the situations in which § 3582 permits reduction of a sentence. Rather, Damian challenges the district court's failure, at his original sentencing, to account for and advise him of the disparate impact of sentences upon deportable aliens. Motions under § 3582(c)(2), however, may not be used to challenge the correctness of the sentence as it was originally imposed. *United States v. Cooley*, 590 F.3d 293, 297 (5th Cir. 2009).

The Second Chance Act, on which Damian relies for his second claim, amended the statutory provisions authorizing the Bureau of Prisons to determine an inmate's eligibility for placement in a halfway house. *See* Second Chance Act of 2007, Pub.L. No. 110–199, § 251(a), 122 Stat. 657, 692–93 (April 9, 2008) (codified at § 17501). Such administrative decisions, however, do not fall within the purview of § 3582(c) for reducing an inmate's sentence and also do not provide an independent basis for a sentence reduction. *See United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997).

We decline to review Damian's assertion that his appeal is also a *Bivens*[1] action, which he raises for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

The decision of the district court is AFFIRMED.

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).