# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40575
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID OLIVARES,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:14-CR-172-1

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

After pleading guilty, David Olivares was sentenced to consecutive prison terms of 210 months for conspiring to possess with the intent to manufacture and distribute methamphetamine and 60 months for possessing a firearm in furtherance of a drug trafficking crime. The judgment was entered in July 2016, and he did not directly appeal. Approximately eight months later, Olivares filed a pro se, self-styled "Motion to Run Sentences Concurrent." He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case: 17-40575    Document: 00514360212    Page: 2    Date Filed: 02/23/2018

No. 17-40575

now appeals from the district court's orders denying that motion and denying his subsequent motion seeking reconsideration of the denial. Olivares argues that, in light of *Dean v. United States*, 137 S.Ct. 1170 (2017), which he describes as limiting the effect of the consecutive sentencing requirement of 18 U.S.C. § 924(c), the district court abused its discretion in failing to modify his sentence so that his prison terms would run concurrently.

A judgment of conviction that includes a prison sentence "constitutes a final judgment," 18 U.S.C. § 3582(b), and a district court may not correct or modify a term of imprisonment once it has been imposed, except in those specific circumstances enumerated by Congress in § 3582(b) and (c), *see United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997). Olivares does not contend, and the record does not reflect, that his motion for concurrent sentences falls under any provision of § 3582(b) or (c). Also, because the district court did not indicate that it was construing the motion as a 28 U.S.C. § 2255 motion, much less provide Olivares with the notice and warnings required before recharacterizing a pro se motion as a first § 2255 motion, the motion for concurrent sentences did not arise under § 2255. *See Castro v. United States*, 540 U.S. 375, 383 (2003).

Olivares's motion for concurrent sentences was an unauthorized motion that the district court lacked jurisdiction to consider. *See United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994). Olivares has thus appealed from the district court's denial of a "meaningless, unauthorized motion" and its subsequent refusal to reconsider that denial. *See id.* at 142. The judgment of the district court is AFFIRMED.