# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10747
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

RODOLFO A. CUELLAR, JR.,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:94-CR-62-1

Before SMITH, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Rodolfo A. Cuellar, Jr., federal prisoner # 25755-077, moves to proceed in forma pauperis (IFP) on appeal. He seeks to challenge the district court's dismissal without prejudice of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction.

The district court dismissed Cuellar's motion for lack of jurisdiction and certified that the appeal was not taken in good faith. By moving for IFP status,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10747

Cuellar is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Cuellar argues the district court had jurisdiction under § 3582(c) to review his claim that because of double counting his original sentence in 1994 was miscalculated. We review "de novo whether the district court had jurisdiction to resentence." *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997). A district court may not correct or modify a term of imprisonment once it has been imposed, except in those specific circumstances enumerated by Congress in § 3582(b) and (c). *See id.* Contrary to Cuellar's assertion, an error in his original sentence may not be corrected under § 3582. *See Dillon v. United States*, 560 U.S. 817, 826 (2010). Cuellar's motion under § 3582(c) seeking to correct his 1994 sentence was an unauthorized motion that the district court lacked jurisdiction to consider. *See United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994).

Cuellar has failed to show that the instant appeal involves legal points arguable on their merits. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.