# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 28, 2021

Lyle W. Cayce
Clerk

No. 20-40500
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

PATRICK ALAN JACKSON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:15-CR-119-11

Before HIGGINBOTHAM, SOUTHWICK, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Patrick Alan Jackson, federal prisoner # 26261-078, moves for leave to proceed in forma pauperis (IFP) on appeal from the denial of his motion to correct his sentence. Jackson pleaded guilty to conspiracy to possess with

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

intent to distribute 280 grams or more of cocaine base and was sentenced to 120 months of imprisonment and five years of supervised release in 2017. By this motion, he sought to have his federal sentence of 120 months on the cocaine base conspiracy conviction run concurrently with his six-year sentence imposed on revocation of his state probation, or to have time in state custody credited to his federal sentence. The district court denied Jackson's motion to proceed IFP, certifying that the appeal was not taken in good faith. By moving for IFP, Jackson is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 199-202 (5th Cir. 1997).

We must examine the basis of our jurisdiction, sua sponte, if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). If Jackson's motion is characterized as a motion in a criminal case, his notice of appeal was untimely. *See* FED. R. APP. P. 4(b)(1)(a)(i). Nevertheless, the time limit for appealing in a criminal case is not jurisdictional and may be waived by the Government. *United States v. Martinez*, 496 F.3d 387, 388-89 (5th Cir. 2007). If Jackson's motion is considered to be civil in nature, such as a 28 U.S.C. § 2241 petition or a 28 U.S.C. § 2255 motion, because the Government is a party to the action, the 60-day appeal period is applicable, and his notice of appeal would be timely. *See* FED. R. APP. P. 4(a)(1)(B). Therefore, we pretermit whether Jackson's notice of appeal was untimely.

Jackson's brief is identical to his motion filed in the district court. He reargues the same points and does not attempt to identify any error in the decision of the district court in denying his motion to correct sentence or his motion for IFP. We review "de novo whether the district court had jurisdiction to resentence." *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997).

A judgment of conviction that includes a prison sentence "constitutes a final judgment," 18 U.S.C. § 3582(b), and a district court may not correct

or modify a term of imprisonment once it has been imposed, except in those specific circumstances enumerated by Congress in § 3582(b) and (c). *See Bridges*, 116 F.3d at 1112. Jackson does not contend, and the record does not reflect, that his motion for concurrent sentences or credit falls under any provision of § 3582(b) or (c). Because the district court did not indicate that it was construing the motion as a § 2255 motion, much less provide Jackson with the notice and warnings required before recharacterizing a pro se motion as a first § 2255 motion, the motion did not arise under § 2255. *See Castro v. United States*, 540 U.S. 375, 383 (2003). Federal Rules of Criminal Procedure 35 and 36 likewise do not apply. *See* FED R. CRIM. P. 35; FED. R. CRIM. P. 36; *United States v. Mares*, 868 F.2d 151, 151 (5th Cir. 1989).

To the extent that Jackson is challenging the execution of his sentence, § 2241 is the proper procedural vehicle to challenge the execution of his sentence rather than its validity. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985). It is also the proper vehicle for obtaining credit for prior custody. *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1988). Accordingly, Jackson's claim for credit toward his federal sentence for the time that he was incarcerated in state prison should have been construed as seeking relief under § 2241. *See Leal v. Tombone*, 341 F.3d 427, 427-30 (5th Cir. 2003); *United States v. Tubwell*, 37 F.3d 175, 177 (5th Cir. 1994). When Jackson filed his pleading in the district court, he was incarcerated in the Federal Correctional Institution in Oakdale, Louisiana, not in the Eastern District of Texas. Accordingly, the district court was without jurisdiction to consider the merits of Jackson's motion insofar as it is considered a § 2241 petition. *See Brown*, 753 F.2d at 456; *Reyes-Requena v. United States*, 243 F.3d 893, 895 n.3 (5th Cir. 2001).

Jackson's motion was unauthorized and without a jurisdictional basis, and "he has appealed from the denial of a meaningless, unauthorized

motion." *See United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994).  He has failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).  His motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.