# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2021

Lyle W. Cayce
Clerk

No. 21-40135
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CLOVIS PRINCE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
No. 4:09-CR-161-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.
PER CURIAM:*

Clovis Prince, federal prisoner #09329-064, appeals the dismissal, for want of jurisdiction, of his motion for compassionate release under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), and 18 U.S.C. § 3582(c)(1)(A)(i). This court reviews *de novo* whether the district court had

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

jurisdiction to modify Prince's sentence. *See United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997).

In *United States v. Shkambi*, 993 F.3d 388, 389–90 (5th Cir. 2021), we invalidated the district court's legal reasoning for dismissing Prince's motion for lack of jurisdiction. Although *Shkambi* invalidated the district court's jurisdictional ruling, the court also addressed the merits of Prince's motion insofar as it determined that he had failed to demonstrate that the 18 U.S.C. § 3553(a) factors supported compassionate release. Thus, if the district court's merits ruling is correct, this court can affirm on that ground. *See United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014).

Prince challenges the district court's consideration of the § 3553(a) factors, especially with respect to his criminal history. The court considered Prince's "long criminal history" and specifically mentioned his prior convictions for assault and battery, robbery, embezzlement, grand larceny, and mail fraud. Prince claims that he did not commit the assault and battery and that his robbery conviction was dismissed. As the district court explained, however, "[e]ven if [Prince] is correct that these convictions are errors, the result is still the same. Based upon a totality of the circumstances, [Prince] is a danger to society." Because the district court made clear that the disputed prior convictions were not dispositive, Prince has failed to show an abuse of discretion in the court's consideration of his criminal history. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

Prince disputes the district court's statement regarding the extent of his involvement with the criminal justice system and reasons that his criminal history is limited to two prior convictions from 1983–85. A review of the presentence report, though, supports the district court's assessment. Prince also contends that the district court gave too much weight to his criminal conduct and failed adequately to consider his involvement in various philanthropic activities and community service. Prince's argument amounts to a

mere disagreement with the court's balancing of the § 3553(a) factors, which "is not a sufficient ground for reversal." *Id.* at 694.

The district court considered the kinds of sentences available and the applicable sentencing range under the Sentencing Guidelines. *See* § 3553(a)(3)–(4). The court noted that Prince had served only 10 years of his 30-year sentence and that there was no other type of sentence available outside of a sentence reduction, which the court found inappropriate given Prince's offense conduct.

With respect to § 3553(a)(4), the district court accurately noted that with a total offense level of 44 and a criminal history category of III, the guideline sentence was life imprisonment; the applicable statutory maximum was 30 years. 18 U.S.C. § 1344. Because Prince had already benefited from the statutory maximum, the court concluded that this factor weighed against a sentence modification. Prince has failed to show an abuse of discretion in the court's consideration of this factor. *See Chambliss*, 948 F.3d at 693.

Prince challenges the district court's consideration of the sentencing-disparity factor in § 3553(a)(6). According to Prince, his 30-year sentence "is the most severe sentence ever, and the harshest sentence imposed for bank fraud in the Eastern District of Texas." He collects several district and appellate court cases in which the defendants received lower sentences for bank fraud. The sentencing-disparity factor, though, requires district courts to consider "the need to avoid unwarranted sentence disparities among defendants with *similar records* who have been found guilty of *similar conduct*." § 3553(a)(6) (emphasis added). A review of the cases cited by Prince reveals that the defendants are dissimilar from him, especially with respect to their criminal records.

We thus MODIFY the district court's judgment, which was dismissed for lack of jurisdiction, to deny Prince's motion, and the judgment, as modified, is AFFIRMED.