**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

No. 97-30788

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHEN F. HATTEN,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Western District of Louisiana

---

February 9, 1999

Before KING, Chief Judge, STEWART and DENNIS, Circuit Judges.

CARL E. STEWART, Circuit Judge:

In this case we are asked to determine whether the district court's order setting a payment schedule for restitution was without jurisdictional basis. We determine that the district court did not have jurisdiction to entertain the motion and we thus vacate the district court's order and remand the case with instructions to the district court to dismiss for want of jurisdiction.

On February 22, 1994, Stephen F. Hatten ("Hatten") pled guilty to student loan fraud, 20 U.S.C. § 1097(a), application loan fraud, 18 U.S.C. § 1014, and social security fraud, 42 U.S.C.

§ 408(a)(7)(B). The district court sentenced him to an eighteen-month term of imprisonment and a five-year term of supervised release, fined him, and ordered him to pay restitution.[1] It ordered Hatten to make the restitution payments to the United States Probation Office ("USPO") during the period of supervised release. The district court was silent as to the schedule for the restitution payments, and Hatten did not directly appeal any part of his sentence.

Nearly three years after he was sentenced, Hatten filed a Motion for Declaratory Judgment. Citing United States v. Albro, 32 F.3d 173 (5th Cir. 1994), he moved to invalidate the restitution order under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, on the grounds that the court incorrectly delegated the task of determining the schedule for restitution payments to the USPO. The district court construed Hatten's motion to be a motion to amend his criminal judgment, and the Government responded to Hatten's motion with a Motion to Set Restitution Schedule. In this motion, it conceded that the court had incorrectly delegated the task of determining the schedule for restitution payments and moved it to set a restitution payment schedule for Hatten and, specifically, to adopt the schedule already proposed by the USPO. Acting pursuant to 18 U.S.C. § 3664(k), the court adopted the schedule proposed by the USPO and ordered that Hatten pay $1,486 per month in restitution. Hatten appealed this order.[2]

---

[1] Specifically, the district court ordered Hatten to make restitution as follows: $19,604.22 to the United Student Aid Fund, $1,368.67 to the Louisiana Office of Student Financial Assistance, $14,433.16 to the Ohio Student Aid Commission, and $8,000 to the Bank of Baltimore.

[2] If we construed Hatten's filing of his Objections to Restitution Order as a common-law criminal case motion for reconsideration, we would be without jurisdiction to hear his appeal. In United States v. Brewer, 60 F.3d 1142 (5th Cir. 1995), we recognized that common-law criminal case motions for reconsideration toll the time for bringing an appeal and destroy the finality of an underlying judgment. See id. at 1143-44. However, Hatten filed his Objections pursuant to FED. R. CRIM. P. 51, which indicates that he did not intend to file a motion for reconsideration but rather to challenge the manner in which a ruling of the court was made.

DISCUSSION

Before addressing the merits of Hatten's claim, we must first determine whether the district court possessed jurisdiction to enter its order.  See Williams v. Chater, 87 F.3d 702, 704 (5th Cir. 1996) (noting that this court is obligated to determine jurisdiction even where the parties do not directly challenge it).  Based on our review of the motions, it appears that both Hatten and the Government sought modification of the terms of Hatten's required restitution based solely on the grounds that the conditions of supervised release imposed by the district court were illegal.[3]

The statutory basis for the district court's order is purportedly contained in 18 U.S.C. §§ 3663(g) and 3583(e)(2).[4]  Section 3583(e)(2) provides in pertinent part that

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6) -- . . . modify, reduce, or enlarge the conditions of supervised release, . . . pursuant to the Federal Rules of Criminal Procedure relating to modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision . . . .

18 U.S.C. § 3583(e)(2).  The enumerated factors that the court must consider in making a modification determination require a consideration of general punishment issues such as deterrence and public safety but do not include a consideration of the legality of the supervised release itself.

Whether a district court has jurisdiction to modify the conditions of supervised release on the grounds of illegality is an issue of first impression in this circuit.  The Second Circuit, however, recently decided a case involving exactly these issues.  In United States v. Lussier, 104 F.3d 32 (2nd Cir. 1997), our sister circuit held that a district court does not have the authority under 18 U.S.C.

---

[3] Restitution is a condition of probation or supervised release.  See 18 U.S.C. § 3663(g).

[4] Although § 3663(g) was superceded by § 3664(k) (and the district court cited the latter section as basis for its jurisdiction), Hatten's conviction predated § 3664(k) and thus § 3663(g) still applied to his case.

§ 3583(e)(2) to modify a restitution order on the ground of illegality. See id. at 37. It relied on the plain language of § 3583(e)(2) in determining that the "streamlined scheme of sentencing review" established by the Sentencing Reform Act of 1984 would be disrupted by the acceptance of an interpretation of § 3583(e)(2) that "authorize[d] the district court, at any time, to modify or rescind an allegedly illegal condition of supervised release." Id. We concur with the Second Circuit's determination that §§ 3663(g) and 3583(e)(2) do not provide a jurisdictional basis for the district court's order.

Alternatively, we have considered other routes by which the district court may have exercised jurisdiction. We determine that each fails as a proper course. For instance, the district court's order could not have been rooted in 18 U.S.C. § 3582(b) because that statute authorizes a district court to modify or correct a previously imposed sentence only in a limited number of circumstances, see United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997), none of which existed in this case.

Furthermore, the court could not have issued its order pursuant to 28 U.S.C. § 2255. Although we suggested as much in United States v. Segler, 37 F.3d 1131 (5th Cir. 1994), we make plain today that complaints concerning restitution may not be addressed in § 2255 proceedings. In Segler, we concluded that "§ 2255's limitation on who may seek release from federal custody also implies a limitation on the claims they may assert to obtain a release." Id. at 1137. Specifically, we held that the types of claims cognizable under § 2255 were limited to "claims relating to unlawful custody," not those relating "only to the imposition of a fine." Id.

4

This conclusion brings our circuit into alignment with the First Circuit, which recently held that a person on parole may not challenge the restitution portion of a sentence pursuant to § 2255.[5] See Smullen v. United States, 94 F.3d 20, 26 (1st Cir. 1996). But see Blaik v. United States, 117 F.3d 1288, 1294 n.9 (11th Cir. 1997) (concluding that a challenge to restitution payments was permissible under § 2255). The district court did not have jurisdiction pursuant to § 2255 to issue its order.[6]

## CONCLUSION

We conclude that the district court had no jurisdiction to entertain either Hatten's motion or the Government's cross-motion. As a practical matter, Hatten's motivation in filing the motion appears to have been to contest the amounts that the USPO was requiring him to pay. If Hatten cannot meet the payment schedule established for him, his proper course of action is to petition the

---

[5] Even were we to find that the district court had jurisdiction under § 2255 in this case, we would conclude that Hatten is not entitled to relief under § 2255 because his claim was not of constitutional dimension. Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. See United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Claims falling outside these parameters that could have been raised on direct appeal, but were not, may not be raised in a collateral proceeding. See United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981).

Hatten's challenge to the restitution portion of his sentence raises a nonconstitutional issue that could have been raised on direct appeal. Specifically, Albro, the basis of his motion, is a statutory construction case and does not raise a constitutional issue. See 32 F.3d at 174. Furthermore, we have previously held that restitution, in general, is a sentencing issue that should be raised on direct appeal. See United States v. Gonzalez-Gonzalez, 995 F.2d 222 (table) (5th Cir. 1993).

[6] Additionally, we note in passing that Hatten's motion may not be treated as a writ of coram nobis. The writ of coram nobis is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate his criminal conviction. See United States v. Castro, 26 F.3d 557, 559 (5th Cir. 1994). Since Hatten was in custody when he filed his motion, the writ of coram nobis was not available to him.

We also note that the Declaratory Judgment Act is insufficient to create federal jurisdiction where none arises elsewhere under federal law. See Gaar v. Quirk, 86 F.3d 451, 453 (5th Cir. 1996). As established above, the district court does not have jurisdiction under any other federal law.

district court to modify its restitution order.  <u>See</u> 18 U.S.C. § 3663(g) (requiring the court to consider Hatten's "employment status, earning ability, financial resources, the willfulness of [his] failure to pay, and any other special circumstances that may have a bearing on [his] ability to pay").  We thus vacate the order of the district court and remand with instructions to enter an order dismissing both motions for lack of jurisdiction.  <u>See</u> <u>Bridges</u>, 116 F.3d at 1113.