IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60142
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

NANCY C. MEDLIN,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:01-CV-656-WS
USDC No. 3:98-CR-70-ALL-WS
--------------------
November 27, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

    Nancy C. Medlin filed a FED. R. CIV. P. 60(b)(4)-denominated
motion in the district court.  Medlin contended that the district
court's imposition of restitution as a condition of her
supervised release, imposed following her 1999 conviction for
filing a materially false tax return in 1991, was void.  The
district court acknowledged that Medlin's motion could be
considered a successive 28 U.S.C, § 2255 motion, but it denied

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the motion on its merits. The district court subsequently denied a certificate of appealability (COA).

Medlin argues that her motion cannot be construed as a 28 U.S.C. § 2255 motion. She submits that she is permitted to utilize Rule 60(b)(4) to attack the order of restitution. Medlin requests that the requirement that she file for a COA be waived. She also contends that if Rule 60(b)(4) relief is not available, she is entitled to utilize the writ of audita querela.

This court is obligated to determine jurisdiction even where the parties do not challenge it. See United States v. Hatten, 167 F.3d 884, 886 (5th Cir. 1999). In Hatten, this court determined that the district court lacked jurisdiction to issue an order modifying a restitution order on the grounds of illegality under 18 U.S.C. §§ 3663(g) and 3583(e)(2), 28 U.S.C. § 2255, a writ of coram nobis, or "under any other federal law." Id. at 886-87 & n.6. "[R]estitution, in general, is a sentencing issue that should be raised on direct appeal." Id. at 887 n.5.

Consistent with Hatten, we conclude that the district court was without jurisdiction to consider Medlin's legal challenge to her order of restitution under Rule 60(b)(4) or via a writ of audita querela. Accordingly, we VACATE the district court's judgment and REMAND WITH INSTRUCTIONS to dismiss for lack of jurisdiction. Medlin's request to waive the COA requirement is DENIED as moot.