United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 13, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40793
Summary Calendar

_____

BRANDON C. SAMPLE, and on behalf of all similarly
situated federal prisoners in the United States and its
territories,

                              Plaintiff-Appellant,

versus

FEDERAL BUREAU OF PRISONS,

                              Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-02-CV-265
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

        Brandon C. Sample's petition for panel rehearing is DENIED.

The opinion of the court issued on November 21, 2003, 2003 WL

22770157, is withdrawn and the following is substituted:

        Sample, federal prisoner # 33949-037, appeals the district

court's dismissal of his civil rights and Administrative

Procedures Act (APA) action for failure to state a claim under 28

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

U.S.C. § 1915(e)(2)(B)(ii).  Sample filed suit against the Bureau of Prisons (BOP) to declare its promulgation and enforcement of the Inmate Financial Responsibility Program (IFRP) as exceeding the scope of its authority, and he sought to enjoin the BOP's enforcement of the IFRP against him and similarly situated prisoners.  Sample was convicted of numerous counts of mail and securities fraud and, in addition to an imprisonment term, was sentenced to pay $275,000 in restitution and $1,800 in special assessment.

Sample argues that the district court did not review his claim under the APA and that he is not raising a challenge to his sentence but, rather, a challenge to the BOP's authority to promulgate and apply the IFRP.

We review a 28 U.S.C. § 1915 dismissal for failure to state a claim under the same de novo standard of review applicable to dismissals made pursuant to FED. R. CIV. P. 12(b)(6).  Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).  We must determine if, taking Sample's allegations as true, no relief could be granted based on those allegations.  Id.

Sample should have raised his challenge to the restitution aspect of his sentence on direct appeal.  United States v. Hatten, 167 F.3d 884, 887 & n.5 (5th Cir. 1999).  The dismissal of his complaint for failure to state a claim is AFFIRMED.