

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-5-2004

# USA v. Alevras

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3771

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Alevras" (2004). *2004 Decisions.* Paper 145.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/145

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-3771
_____

UNITED STATES OF AMERICA

v.

CHRIS G. ALEVRAS,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 97-cr-00099)
District Judge:  Honorable Joseph A. Greenaway, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
October 29, 2004

Before:  SCIRICA, *Chief Judge*, FISHER and GREENBERG, *Circuit Judges*.

(Filed November 5, 2004      )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

As we write for the parties only, we recite only those facts pertinent to our

disposition of this appeal.  In 1997, appellant – who is a law school graduate but has

never been licensed to practice law in any state – pled guilty to bank fraud, false claims,

and possession of a firearm by a convicted felon. In a *pro se* motion filed six years later, he sought to challenge his conditions of supervised release pursuant to 18 U.S.C. § 3583(e)(2) and Fed. R. Crim. P. 32.1. The district court denied the motion.

On appeal, appellant only challenges the legality of certain conditions of supervised release. Rule 32.1, however, is an inappropriate vehicle to challenge the legality of supervised release. See United States v. Kress, 944 F.2d 155, 158 n.4 (3d Cir. 1991). Even if construed as a Rule 35 motion, any such motion would be untimely. See id. (construing *pro se* motion under Rule 32.1 precursor as Rule 35 motion); Fed. R. Crim. P. 35(a) ("Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."). Similarly, federal courts lack jurisdiction to entertain challenges to the legality of release conditions under section 3583(e)(2); such arguments should be raised on direct appeal, through 28 U.S.C. § 2255, or by timely motion under Rule 35(a). See United States v. Hatten, 167 F.3d 884, 886 (5th Cir. 1999); United States v. Lussier, 104 F.3d 32, 36-37 (2d Cir. 1997).

To the extent appellant challenged the legality of his conditions of release, the district court lacked jurisdiction. To the extent appellant sought genuine modification rather challenging the legality of his conditions of supervised release, the district court had jurisdiction and did not abuse its discretion in refusing to grant a hearing.[1] Finally,

---

[1]Normally, where the district court lacks jurisdiction to decide on the merits a challenge to the legality of conditions of release, we would vacate and remand for jurisdictional dismissal. But before the district court, appellant also sought modification

2

we find baseless appellant's suggestion that the district judge should be recused on remand because he allegedly took too long to decide the motion, and then allegedly decided it too quickly after appellant wrote the judge to complain that it was taking too long for the motion's disposition. In any case, the matter is moot as no remand is required.

The judgment of the district court will be AFFIRMED.

_____

to clarify the meaning of "dangerous devices" and "destructive devices," an issue over which the district court properly exercised jurisdiction. See Lussier, 104 F.3d at 35 (section 3583(e)(2) authorizes modification when it serves general punishment goals). Appellant has abandoned this issue on appeal. But the existence of this issue before the district court gave the court jurisdiction to issue a judgment; therefore, rather than vacating the judgment and remanding for dismissal, we will affirm.