United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 18, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-51250
c/w 04-50106
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ZOLLINO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CR-180-1
--------------------

Before BENAVIDES, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:*

Jose Zollino, federal prisoner # 55356-053, appeals the denial of two post-judgment motions challenging the validity of his restitution order, his "Writ of Error to Correct Judgment," and his motion to vacate the district court's "Orders of Issuance of Writ of Garnishment, where no Restitution Order [was] Valid or Outstanding." We dismiss the appeal for lack of jurisdiction.

Zollino characterizes his pro se "Motion for Writ of Error," as a writ of coram nobis and contends that jurisdiction in the

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court was premised on 28 U.S.C. § 1651.  Zollino, however, is still incarcerated; therefore, he was not entitled to petition the district court for a writ of coram nobis.  United States v. Hatten, 167 F.3d 884, 887 & n.6 (5th Cir. 1999). Zollino's pro se motion to vacate the orders issuing writs of garnishment was a de facto attack on the criminal judgment and restitution order, and, therefore, it also lacked a jurisdictional basis.  See id. at 886-87.  Zollino's motions were unauthorized, and, consequently, the district court lacked jurisdiction to entertain them.  United States v. Early, 27 F.3d 140, 142 (5th Cir. 1994)

APPEAL DISMISSED.