United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-10723
Conference Calendar

_____

SALVATORE COTTONE,

Petitioner-Appellant,

versus

COLE JETER, Warden, FCI-Fort Worth,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CV-44
--------------------

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Salvatore Cottone, federal prisoner # 23593-083, appeals the

district court's dismissal of his 28 U.S.C. § 2241 habeas corpus

petition, wherein he challenged the restitution ordered by the

sentencing court following his convictions for RICO violations,

retaliation against an informant, and conspiracy to distribute

cocaine. Specifically, Cottone complained that the restitution

order violated Apprendi v. New Jersey, 530 U.S. 466 (2000), Jones

v. United States, 526 U.S. 227 (1999), Blakely v. Washington,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005).

The district court found that Cottone could not rely on § 2241 to challenge the legality of his sentence because he failed to satisfy 28 U.S.C. § 2255's savings clause. On appeal, Cottone argues that the district court erred in dismissing his § 2241 petition because the Supreme Court's decision in Dodd v. United States, 545 U.S. 353 (2005), in conjunction with the Antiterrorism and Effective Death Penalty Act, violates the Suspension Clause.

We review "de novo a district court's dismissal of a section 2241 petition on the pleadings." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). The district court lacked jurisdiction to entertain Cottone's § 2241 petition because his contentions regarding restitution did not satisfy the "in custody" requirement of § 2241. See § 2241(c); United States v. Hatten, 167 F.3d 884, 885 (5th Cir. 1999); United States v. Segler, 37 F.3d 1131, 1137-38 (5th Cir. 1994). Moreover, we have held that claims based on Blakely and Booker do not satisfy the savings clause of § 2255. Padilla v. United States, 416 F.3d 424, 426-27 (5th Cir. 2005).

The district court's judgment dismissing Cottone's § 2241 petition for lack of jurisdiction is AFFIRMED. The Government's motion to dismiss the appeal is DENIED, and its motion for

summary affirmance is GRANTED.  The Government's motion for an extension of time is DENIED as moot.