# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 17, 2008

Charles R. Fulbruge III
Clerk

No. 08-40121
Summary Calendar

OSSIE ROBERT TRADER

Petitioner-Appellant

v.

UNITED STATES OF AMERICA

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:07-CV-545

Before REAVLEY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ossie Robert Trader, federal prisoner # 32019-066, was convicted of armed bank robbery and using and carrying a firearm during a crime of violence, and he was sentenced to serve 248 months in prison. He filed a 28 U.S.C. § 2241 habeas corpus petition to challenge his convictions and to raise a claim related to his fine, and he now appeals the district court's dismissal of his § 2241 petition. Trader argues that his Speedy Trial rights were violated pursuant to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the principles set forth in Zedner v. United States, 547 U.S. 489 (2006), and that his fine is invalid.

Trader has not shown that the district court erred by concluding that his Speedy Trial claim, which arises from events that occurred prior to sentencing, was not cognizable in a § 2241 proceeding. See Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990). He likewise has not shown that he should be permitted to proceed under the savings clause of § 2255, as he has not shown that his Speedy Trial claim is based on a retroactively applicable case or that he was convicted of a nonexistent offense. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). Finally, he has not shown that the district court erred by concluding that it lacked jurisdiction to consider his claim challenging his fine because this claim did not satisfy the in custody requirement of § 2241. See § 2241(c); United States v. Hatten, 167 F.3d 884, 885 (5th Cir.1999); United States v. Segler, 37 F.3d 1131, 1137-38 (5th Cir.1994).

The judgment of the district court is AFFIRMED.