**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 19, 2009

Charles R. Fulbruge III
Clerk

No. 08-40266
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ZACK ZEMBLIEST SMITH, III

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:94-CR-68-ALL

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

As part of his 1994 sentence for robbery and using a firearm during a crime of violence, Zack Zembliest Smith, III, federal prisoner # 04838-078, was ordered to pay $22,937.12 in restitution. In 2007, Smith filed a pro se "Motion for Clarification of Restitution and Judgment," asking the district court to clarify that he was not required to make restitution payments until he was released from custody. The district court entered an order stating that Smith was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

required to make payments while incarcerated and that he could be sanctioned for failure to comply with the Bureau of Prison's Inmate Financial Responsibility Program.  Smith appeals.

Neither Smith nor the district court provided a specific jurisdictional basis for his motion.  In addressing a similar motion, we have considered and rejected various alternative theories of jurisdiction. *See United States v. Hatten*, 167 F.3d 884, 885 (5th Cir.1999).  Because Smith essentially has appealed an unauthorized motion, we vacate the district court's judgment and remand the case for entry of an order dismissing the motion for lack of jurisdiction. *See id*.

VACATED and REMANDED.