**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 27, 2009

Charles R. Fulbruge III
Clerk

No. 08-40710
Summary Calendar

JOHN R CAMPBELL

Petitioner-Appellant

v.

UNITED STATES OF AMERICA

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:07-CV-754

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

John R. Campbell, federal prisoner # 08471-424, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. Campbell, who is serving a 235-month sentence for a 1999 bank robbery conviction, sought to challenge his fine and restitution order. The district court determined that the claim could not be brought under § 2241.

Campbell contends that § 2241 is the proper vehicle for bringing his claim because § 2255 is an inadequate or ineffective means for challenging the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

restitution order. Although Campbell is correct about the inapplicability of § 2255, he is incorrect about the availability of § 2241.

A challenge to the restitution or fine portion of a sentence is a nonconstitutional issue relative to sentencing that should be raised on direct appeal and not for the first time in a § 2255 proceeding. *United States v. Hatten*, 167 F.3d 884, 887 n.5 (5th Cir. 1999); *United States v. Segler*, 37 F.3d 1131, 1135 (5th Cir. 1994). A district court lacks jurisdiction to a modify restitution order under § 2255, a writ of coram nobis, or "any other federal law." *Hatten*, 167 F.3d at 886-87 & nn. 3 & 6. Further, a monetary penalty is not a sufficient restraint on liberty to meet the "in custody" requirements of § 2255 or § 2241. *Hatten*, 167 F.3d at 887; *Segler*, 37 F.3d at 1167; *see Spring v. Caldwell*, 692 F.2d 994, 998-99 (5th Cir. 1982); § 2241(c).

The district court did not err by dismissing Campbell's § 2241 petition challenging the restitution order. *See Hatten*, 167 F.3d at 887; *Segler*, 37 F.3d at 1136-37. The judgment of the district court is AFFIRMED.