**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 14, 2011

No. 10-50955
Summary Calendar

Lyle W. Cayce
Clerk

DOUGLAS E. CAMPBELL,

Petitioner-Appellant

v.

WARDEN MAYE,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CV-463

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Douglas E. Campbell, federal prisoner # 30685-048, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition challenging his conviction and 245-month sentence for conspiring to distribute an unspecified amount methamphetamine.[1]  *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846. Campbell argues

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Incorporated in Campbell's § 2241 petition was a request for a writ of coram nobis. Because Campbell is still in custody, the district court did not err in denying that relief. *See United States v. Hatten*, 167 F.3d 884, 887 n.6 (5th Cir. 1999).

that the district court erred in determining that he was not entitled to challenge the validity of his conviction and sentence in a § 2241 proceeding because he did not meet the requirements of the savings clause in 28 U.S.C. § 2255.

As a general rule, a federal prisoner who seeks to collaterally challenge the legality of his conviction or sentence must file a § 2255 motion. *Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005). Such claims may be raised in a § 2241 petition under the savings clause of § 2255(e) only if the prisoner shows that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." § 2255(e). Campbell has not made the requisite showing. *See Reyes-Requena v. United States*, 243 F.3d 893, 901-04 (5th Cir. 2001). Moreover, to the extent that Campbell alleges that he is actually innocent of being a career offender, this court has held that a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, does not warrant review under § 2241. *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000).

As Campbell is not entitled to raise his claims in a § 2241 petition, his arguments that the district court erred or violated his constitutional rights by failing to address his substantive challenges to his conviction and sentence lack merit. The judgment of the district court is AFFIRMED.