# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 19, 2013

No. 12-30721
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GARLAND D. MILLER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:07-CR-50032-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Garland D. Miller, former federal prisoner # 13658-035, was convicted by a jury of two counts of tax evasion, a violation of 26 U.S.C. § 7201. *United States v. Miller*, 588 F.3d 897, 900 (5th Cir. 2009). He was sentenced to 48 months of imprisonment and to three years of supervised release. *Id.* at 903. Miller appeals the district court's denial of his "Petition for Writ of Error Coram Nobis or in the Alternative Motion to Amend Judgment Pursuant to FED R. CIV. P. 60," which he filed seeking to challenge the portion of his criminal judgment ordering

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

him to pay restitution to Desoto Regional Health System (DRHS). Miller contends that the restitution order was equivalent to a conviction for embezzlement and, as a result, the U.S. Department of Health and Human Services (HHS) has excluded him "from certain health care and billing practices and thereby depriving him of his livelihood." Miller requests to have the restitution order vacated via the writ of coram nobis or amended pursuant to Federal Rule of Civil Procedure 60.

Although Miller was released from the Bureau of Prisons on December 30, 2011, he is still serving a three-year term of supervised release. Thus, Miller does not satisfy the "no longer in custody" requirement for filing a writ of coram nobis. *See United States v. Hatten*, 167 F.3d 884, 887 n.6 (5th Cir. 1999); *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998); *see also Pack v. Yusuff*, 218 F.3d 448, 454 n.5 (5th Cir. 2000) (stating that "custody" for purposes of 28 U.S.C. §§ 2255 and 2241 encompasses supervised release). As such, the district court did not abuse its discretion in denying Miller a writ. *See Santos-Sanchez v. United States*, 548 F.3d 327, 330 (5th Cir. 2008), *vacated on other grounds*, 130 S. Ct. 2340 (2010); *see also Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992) (holding that this court may affirm the district court's judgment on any grounds supported by the record). Additionally, Miller has not shown that the district court erred in finding that his request to amend the restitution order in his criminal judgment was not cognizable pursuant to Rule 60, nor does he cite any authority to support his request to enjoin HHS from excluding him "from certain health care and billing practices and thereby depriving him of his livelihood." Accordingly, the judgment of the district court is AFFIRMED.