# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-51198
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 29, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KURT BRANHAM BARTON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:11-CR-83-1

Before JONES, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Kurt Branham Barton, federal prisoner # 71720-280, moves for leave to proceed in forma pauperis (IFP) on appeal. He challenges the district court's grant of the Government's motion for an order applying credit to the restitution owed by him and his co-participant.

By moving to proceed IFP, Barton is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51198

117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  We may dismiss the appeal sua sponte under 5th Circuit Rule 42.2 if it is frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

For the first time on appeal, Barton argues that the district court's application of credits pursuant to the Government's motion is incorrect because the district court's restitution order contained in the amended judgment and second amended judgment is incorrect.  We do not ordinarily consider arguments not raised in the district court.  *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Even if we consider his newly raised arguments, Barton has failed to demonstrate his appeal presents a nonfrivolous issue.  The crux of Barton's argument is that the restitution order contained in the amended judgment and the second amended judgment is incorrect, but restitution is a sentencing issue, and Barton's substantive challenge to the restitution order should have been raised on direct appeal.  *United States v. Hatten*, 167 F.3d 884, 887 nn.5, 6 (5th Cir. 1999); *see United States v. Segler*, 37 F.3d 1131, 1135-36 (5th Cir. 1994).

Barton's appeal does not present a legal issue arguable on its merits and is frivolous.  *See Howard*, 707 F.2d at 219-20.  Accordingly, his motion to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.