# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-20514
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 27, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLARENCE LEWIS, III,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-682-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Clarence Lewis, III, federal prisoner # 43461-279, appeals the denial of his motion for a mandatory evidentiary hearing challenging the legality of the district court's restitution order. He argues that the district court violated 18 U.S.C. § 3664(d)(5) by failing to afford him the opportunity to contest the final restitution judgment entered outside of the 90-day period allowed under that statute. He also argues that the order of restitution is unenforceable because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

it was entered after he filed his notice of appeal, depriving the district court of jurisdiction. He contends that his constitutional right to be present at sentencing was violated when the district court entered the restitution order outside his presence. Additionally, Lewis asserts that the Government provided false information to the district court in support of the amount of restitution and that he was deprived of the opportunity to contest the validity of the information.

The district court lacked jurisdiction to consider Lewis's motion challenging the legality of the restitution portion of his sentence. *See United States v. Hatten*, 167 F.3d 884, 887 & n.5 (5th Cir. 1999) (citing *United States v. Segler*, 37 F.3d 1131, 1135 (5th Cir. 1994)). Lewis's motion is "an unauthorized motion which the district court was without jurisdiction to entertain. Thus, he has appealed from the denial of a meaningless, unauthorized motion." *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). Because this is the third time Lewis has challenged the restitution portion of his sentence in post-judgment proceedings, his appeal is DISMISSED AS FRIVOLOUS. *See* 5TH CIR. R. 42.2. His motion for release pending appeal is DENIED.

Lewis has unsuccessfully sought relief from his restitution order in two 28 U.S.C. § 2255 motions and now in an unauthorized motion. He is WARNED that future frivolous filings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED; MOTION FOR RELEASE PENDING APPEAL DENIED.