# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
January 11, 2019

Lyle W. Cayce
Clerk

No. 18-30263
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TIMOTHY GENTRY, also known as Johnny_5_is_@live, also known as John Doe, also known as John Doe #12,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:10-CR-319-14

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Timothy Gentry, federal prisoner # 14627-032, pleaded guilty to one count of engaging in a child exploitation enterprise and was sentenced to 300 months of imprisonment. He appeals the district court's denial of his petition for a writ of coram nobis, which he filed seeking to vacate and set aside his conviction and sentence. Gentry contends that the district court did not have

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jurisdiction over his conviction because the procedure used to enact 18 U.S.C. § 3231 was unconstitutional.

The record shows that Gentry is still in custody serving the sentence he seeks to challenge with his petition. Thus, Gentry does not satisfy the "no longer in custody" requirement for filing a writ of coram nobis. *See United States v. Hatten*, 167 F.3d 884, 887 n.6 (5th Cir. 1999); *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998). As such, the district court did not abuse its discretion in denying Gentry a writ. *See Santos-Sanchez v. United States*, 548 F.3d 327, 330 (5th Cir. 2008), *vacated on other grounds*, 559 U.S. 1046 (2010); *see also Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992) (holding that this court may affirm the district court's judgment on any grounds supported by the record). Further, we have previously rejected a similar challenge to § 3231 based on alleged procedural defects. *United States v. Leyva*, No. 06-11172, 2007 WL 3230321, at *1 (5th Cir. Oct. 31, 2007) (unpublished); *see also Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) ("An unpublished opinion issued after January 1, 1996 is not controlling precedent, but may be persuasive authority."). Gentry's argument is frivolous and without merit. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Gentry is WARNED that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988).

APPEAL DISMISSED; SANCTION WARNING ISSUED.