# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50923
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 23, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GARRY DAVID GALLARDO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:87-CR-98-1

Before JONES, HIGGINSON, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Garry David Gallardo, federal prisoner # 41571-080, filed a petition for a writ of error coram nobis challenging his 1987 convictions of four counts of mailing child pornography and 2006 revocation of probation in that case. The district court construed the petition as a motion under 28 U.S.C. § 2255 and dismissed it as successive and unauthorized and as barred by limitations. The district court also denied Gallardo's Federal Rule of Civil Procedure 59(e)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion.  Gallardo has applied for leave to proceed in forma paupers (IFP) in this appeal from the district court's orders.

When, as in this case, a district court denies IFP status and certifies that an appeal is not taken in good faith, the appellant may either pay the filing fee or challenge the district court's certification decision.  *See* 28 U.S.C. § 1915(a)(3); *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Gallardo's motion to proceed IFP on appeal is construed as a challenge to the district court's certification decision.  *See Baugh*, 117 F.3d at 202.

"The writ of coram nobis is an extraordinary remedy" that may be used by "a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief."  *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) (internal quotation marks and citation omitted).  Where a petitioner is still in custody at the time he files the petition, the writ of error coram nobis is not available.  *United States v. Hatten*, 167 F.3d 884, 887 n.6 (5th Cir. 1999); *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998).

Gallardo does not dispute that he is still in custody with respect to the 1987 convictions and 2006 revocation judgment.  Instead, he argues that this court's decisions limiting the writ to convicts who are no longer in custody are erroneous.  He cites *United States v. Robinson*, 361 U.S. 220, 230 n.14 (1960), and *United States v. Morgan*, 346 U.S. 502, 511 (1954), but those cases do not support his argument.

Gallardo has not shown that the district court erred in determining that his appeal was not taken in good faith.  *See Baugh*, 117 F.3d at 202.  To the extent that Gallardo wishes to appeal the denial of his petition for a writ of

2

No. 18-50923

error coram nobis, the motion for leave to proceed IFP is DENIED.  The appeal is DISMISSED AS FRIVOLOUS.  *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24.

Ordinarily, a certificate of appealability (COA) is not required to appeal the denial of a petition for a writ of error coram nobis.  In this case, however, the district court construed the petition for a writ of error coram nobis as a successive and unauthorized § 2255 motion, and a COA is required for appellate review of a final order in a § 2255 proceeding.   28 U.S.C. § 2253(c)(1)(B).

Gallardo cannot show that the district court's dismissal of his § 2255 motion as successive and unauthorized was debatable or incorrect.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  To the extent that Gallardo wishes to appeal the district court's construction of his petition for a writ of error coram nobis as a § 2255 proceeding, his brief is construed as requesting a COA and the request is DENIED.