# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 12, 2022

Lyle W. Cayce
Clerk

No. 21-10167
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

STEPHEN LYNN HAWKS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:99-CR-22-1

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Stephen Lynn Hawks, a former federal prisoner, was convicted in 2000 for failure to pay child support under 18 U.S.C. § 228(a)(3). Later that year, he unsuccessfully petitioned for habeas relief. In 2021, he filed a pro se motion under Federal Rule of Civil Procedure 60(d)(3), alleging that his

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

conviction and the restitution portion of his sentence were procured by fraud upon the court. The district court denied the motion. Hawks now appeals.

Because Hawks's Rule 60 motion alleged fraud on the court in connection with his conviction rather than with his previous habeas proceeding, federal courts would ordinarily treat such a pro se motion as a successive habeas petition under 28 U.S.C. § 2255. *See United States v. Cardenas*, 13 F.4th 380, 384 (5th Cir. 2021); *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). However, because Hawks is no longer incarcerated, his motion is properly characterized as a petition for a writ of coram nobis. *See United States v. Hay*, 702 F.2d 572, 573–74 (5th Cir. 1983).

Treating Hawks's motion as such a petition, we conclude that the district court rightly denied relief. A coram nobis petition may not be used to relitigate claims that have already been rejected in a proceeding brought under § 2255. *United States v. Esogbue*, 357 F.3d 532, 535 (5th Cir. 2004). Hawks's claim that his conviction was obtained by fraud upon the court was considered and rejected in the habeas action he filed in 2000. He is not entitled to another opportunity to seek postconviction relief on this ground.

Hawks's appellate brief further alleges that in 2002, government officials unconstitutionally coerced him into giving up his right to a parole revocation hearing. But Hawks did not raise this issue before the district court and has thus not adequately preserved it for appellate review. *See McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 100 (5th Cir. 1995). Finally, Hawks alleges that the State of Texas and his ex-wife (to whom he owed the child support of which he was convicted of not paying) agreed between themselves in 2006 to relinquish their rights to seek child support arrears. Even assuming that is true, however, an agreement executed in 2006 does not invalidate Hawks's 2000 conviction for failure to pay child support due at that time. Insofar as Hawks's filings can be construed as challenging his

restitution obligation imposed as part of his federal sentence, "we have denied numerous attempts to collaterally attack a restitution order," *United States v. Parker*, 927 F.3d 374, 381 (5th Cir. 2019), including via a petition for a writ of coram nobis, *see Campbell v. United States*, 330 F. App'x 482, 483 (5th Cir. 2009) ("A district court lacks jurisdiction to a modify restitution order under § 2255 [or] a writ of coram nobis"). Nor may Hawks challenge the restitution order via a writ of *audita querela*, since he does not concede that the order was valid at the time it was entered. *See United States v. Miller*, 599 F.3d 484, 489 (5th Cir. 2010).

AFFIRMED.